RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 12/13/10
BY _____

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| THOMAS WAYNE CURTIS and LYNN MICHELLE CURTIS | CIVIL ACTION NO. 10-415 |
| VERSUS | JUDGE TRIMBLE |
| FRIENDLY FINANCE SERVICE - EASTGATE, INC. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is an appeal by defendant creditor Friendly Finance Service - Eastgate, Inc. ("FFS" or "appellant") from a prior ruling issued by the United States Bankruptcy Court for the Western District of Louisiana denying FFS's motion for leave to file adversary complaints under 11 U.S.C. §§ 523 and 727 as alternative requests for relief.[1]  For the reasons expressed below, this court finds that Friendly Finance's appeal should be **DENIED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Thomas Wayne Curtis and Lynn Michelle Curtis ("Debtors" or "appellees") allegedly obtained a loan from FFS in 2008, secured by the following collateral:

        1 Beretta 9 MM gun
        1 Ithaca 12GA shotgun
        1 Sanyo flat screen television
        1 laptop computer

---

[1]Memorandum in support of appeal [R. 14].

1

1 desktop computer.[2]

FFS alleges that on September 29, 2009, debtors filed for relief under Chapter 7 of the U.S.

Bankruptcy Code.[3]  Evidence presented by FFS in the form of a letter of November 19, 2009 from

counsel for debtors indicates that, at the meeting of the creditors held pursuant to 11 U.S.C. § 341,

debtors stated that all of the collateral in which FFS was granted a security interest had been disposed

of as follows:

> [t]hey do not have the Beretta 9MM pistol.  It was sold many
> years ago for a sum they couldn't remember.   The Ithica
> 12GA shotgun was given to his father, Rickey Curtis a
> number of years ago.  Mr. Curtis still lives in Bastrop.  The
> Sanyo flat screen TV tore up around seven years ago and it
> was discarded.  The laptop computer was also discarded quite
> a number of years ago after it quit working.   They also
> testified the desktop computer has quit working and had been
> discarded quite a number of years ago.[4]

Based on this evidence, FFS filed, pursuant to an injunction issued against FFS by the

bankruptcy court in the prior case of <u>Friendly Finance Service v. Dorsey</u>, a motion for leave to file

adversary complaints in the Curtis case under both 11 U.S.C. § 523 and 11 U.S.C. § 727.[5]

Thereafter, FFS filed an amended motion for leave further specifying the grounds upon which leave

was sought, as well as a motion to extend the time for filing such adversary complaints.[6]

---

[2]<u>Id.</u> at p. 1; FFS's amended motion for leave to file an adversary complaint [R. 3-8]
originally filed in U.S. Bankruptcy Court on January 7, 2010.

[3]R. 14 at p. 1.

[4]R. 3-3.

[5]R. 3-1.

[6]R. 3-7, 3-8.

2

Additionally, FFS filed a motion to disqualify U.S. Bankruptcy Judge Henley Hunter from presiding over its motion for leave.[7]  The court denied FFS's motion to disqualify, stating

> [a]lthough I decline to disqualify myself for the reasons set forth in the Motion, pending the ruling on Appeal, effective November, 2009, all Monroe Adversary Proceedings are to be assigned to Judge Summerhays.  Therefore, the undersigned refers this matter to Judge Summerhays for re-assignment.[8]

A hearing was granted on these pending motions and was held on February 17, 2010 before Judge Hunter at Monroe, Louisiana.  After reviewing the content of the motions, the court found that FFS failed to demonstrate that it could carry its burden of proof under § 727, but also found that FFS should be permitted to file an objection to dischargeability under § 523.[9]  Specifically, the court noted that FFS failed to offer evidence tending to demonstrate the value of the collateral or the date or dates on which it alleged that the debtors disposed of the collateral at issue.[10]  The court found that, because of the vague nature of the evidence presented, FFS was not entitled to file its proposed objection to discharge, but had amply met the threshold for a complaint under § 523.[11]

FFS now appeals the bankruptcy court's partial denial of its motion for leave and further appeals the court's denial of its motion to disqualify.  FFS alleges that the bankruptcy court committed error when it presided over FFS's motion for leave to file adversary complaints, given that it had already issued an order directing that all adversary proceedings should be assigned to

---

[7]R. 3-2.

[8]R. 3-5.

[9]Hearing transcript [R. 13] at 14:21 - 15:7.

[10]Id. at 8:9 - 24; 10:5 - 21; 12:11 - 13:24; 17:7 - 11.

[11]Id. at 10:22 - 11:1.

Judge Summerhays pending appellate ruling.  FFS further alleges that the court erroneously denied

its motion insofar as it requested leave to file an adversary complaint under § 727 because of the

fraud demonstrated by the letter describing the debtors' statements at the § 341 meeting of the

creditors in this case.

Our review of the record in this case indicates that appellees' response to appellant's brief

was due no later than April 28, 2010 and that no such response was filed.[12]  We therefore consider

the brief as unopposed and find the matter ripe for consideration.

## II.   APPLICABLE STANDARD

Fed. R. Bank. P. 8013 provides that

> [o]n appeal the district court or bankruptcy appellate panel may
> affirm, modify, or reverse a bankruptcy judge's judgment, order, or
> decree or remand with instructions for further proceedings.  Findings
> of fact, whether based on oral or documentary evidence, shall not be
> set aside unless clearly erroneous, and due regard shall be given to the
> opportunity of the bankruptcy court to judge the credibility of the
> witness.[13]

A district court reviews a bankruptcy court's findings of law de novo and its findings of fact

for clear error.[14]  A bankruptcy court finding is "clearly erroneous" when although there is evidence

to support such finding, the reviewing court is left with the firm conviction that a mistake has been

---

[12]See docket text at R. 14.

[13]11 U.S.C. § 8013.

[14]In re National Gypsum Co., 208 F.3d 498 (5th Cir. 2000) (the courts of appeals and
district courts employ the same standards when hearing an appeal of a bankruptcy court finding:
conclusions of law are reviewed de novo; conclusions of fact are reviewed for clear error and
mixed questions of law and fact are reviewed de novo); Matter of Bardwell, 610 F.2d 228 (5th
Cir. 1980) (test applied by the district court is not whether a different conclusion would have
been supported by the evidence, but instead, whether the evidence offers support for the
conclusion reached by the bankruptcy court).

4

committed.[15]  The reviewing court will, under this standard, give "due regard" to the bankruptcy court's credibility assessments, since that court will have had the opportunity to determine credibility firsthand.[16]  This standard applies even when the bankruptcy judge has issued findings based on documentary evidence, rather than live testimony.[17]

A creditor objecting to the dischargeability of a particular debt under 11 U.S.C. § 523 must demonstrate the following:

> (1)   that the debtor made a false representation;
> (2)   that the debtor knew the representation was false;
> (3)   that the debtor made the representation with the intent to deceive a creditor;
> (4)   that the creditor actually and justifiably relied on the representation; and
> (5)   that the creditor sustained a loss proximately caused by its reliance on the deceptive representation.[18]

The creditor must prove these necessary elements by a preponderance of the evidence.[19]  11 U.S.C. § 727(a) provides, in pertinent part, that

> (a)   [t]he court shall grant the debtor a discharge, unless...
> (2)   the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –

---

[15]Matter of Perimeter Park Inv. Associates, Ltd., 616 F.2d 150 (5th Cir. 1980).

[16]In re Acosta, 406 F.3d 367 (5th Cir. 2005) (internal citations omitted).

[17]Matter of Lenard, 849 F.2d 974 (5th Cir. 1988).

[18]11 U.S.C. § 523(a)(2)(A); Id.; In re Allison, 960 F.2d 481 (5th Cir. 1992).

[19]RecoverEdge L.P. v. Pentecost, 44 F.3d 1284 (5th Cir. 1995).

> (A)   property of the debtor, within one year before the date of the filing of the petition; or...
>
> (4)   the debtor knowingly or fraudulently, in or in connection with the case –
>
> (A)   made a false oath or account...

A creditor objecting to a debtor's general discharge under Section 727 bears the burden of proof under that statute and must demonstrate the requisite elements by a preponderance of the evidence.[20]   Whether under Section 523 or 727, the creditor is required to demonstrate the element of intent.[21]   Constructive intent is insufficient, but actual intent may be proven by circumstantial evidence.[22]

## III.   ANALYSIS

FFS first argues that the bankruptcy court erred in denying its motion to file an adversary complaint under 11 U.S.C. § 727, asserting that FFS should not be made to choose between filing under Section 523 and filing under Section 727 and should, instead, be allowed to file both types of adversary complaints in the alternative.   FFS argues, additionally, that it was error for Judge Hunter to preside over FFS's motion for leave to file both types of adversary complaints because of his December 21, 2009 order referring the matter to Judge Summerhays pursuant to a November 2009 order referring all Monroe Division adversary proceedings to Judge Summerhays.

The court has carefully reviewed the law and argument before us, including the transcript of

---

[20] Matter of Swift, 3 F.3d 929 (5th Cir. 1993) (citing In re Beaubouef, 966 F.2d 174 (5th Cir. 1992)).

[21] 11 U.S.C. §§ 523(a)(2)(A), 727(a)(2)(A), (4)(A).

[22] Matter of Chastant, 873 F.2d 89 (5th Cir. 1989)

the hearing of February 17, 2010 cited by FFS.[23]   The court finds that FFS's motion fails to demonstrate clear error by the bankruptcy court for the reasons that follow.

First, our review of the orders issued by the bankruptcy court reveals that, while the bankruptcy court issued an order denying FFS's motion to disqualify and referring the adversary proceeding to Judge Summerhays on December 21, 2009, the court thereafter issued another order, dated December 22, 2009, wherein it rescinded the December 21, 2009 order and denied FFS's motion for leave and to disqualify.[24]   FFS's motion does not mention this and refers only to the court's December 21, 2009 order, resulting in an argument that, in this court's opinion, is less than completely forthright.

The court's December 22, 2009 order notes that, at a hearing held March 5, 2008, it reimposed an injunction requiring FFS to obtain leave of court prior to filing an adversary complaint and that, during that hearing, the court also addressed the factors it would consider in granting such leave.[25]   The court specifically found that FFS's motion for leave to file both its proposed adversary complaints under 11 U.S.C. § 523 and § 727 was based solely on a letter from debtor's counsel to the President of FFS, John Loftin and, accordingly, found that FFS's motion for leave did not comply with the factors applicable to FFS under the injunction.[26]

FFS's appeal to this court adds nothing to its prior arguments to the bankruptcy court. Specifically, FFS not only fails to inform the court as to the factors referenced by the bankruptcy

---

[23]Hearing Transcript [R. 13].

[24]R. 3-5, 3-6.

[25]R. 3-6.

[26]Id.

7

court, but also offers no additional evidence beyond the aforementioned letter from debtor's counsel. Moreover, FFS fails to provide this court with any evidence of the original loan application.

Our review of the hearing transcript reveals that FFS is, in fact, not prohibited from filing complaints under both § 523 and § 727 in the alternative, but rather, is required to demonstrate certain proofs in order to be granted leave to file same.[27] Specifically, FFS must conduct a Rule 2004 bankruptcy examination and must allege fraud with particularity.[28] The court noted that, in this case, as in many prior cases in which it was a creditor, FFS failed to offer evidence of the specific identity of the collateral, the value of the collateral at the time of the loss or testimony from any witness who actually inspected the collateral before the loan was made.[29]

11 U.S.C. § 727 requires, as cited above, evidence of the intent of the debtor to destroy or alienate property of the estate within one year of the date of the filing of the petition.[30]  FFS argues that, because the debtors testified that some of the property was destroyed or alienated before FFS loaned money based on that collateral, it is clear that the debtors either lied at the time the loan was made or lied at the meeting of the creditors.[31]  The record before us demonstrates that the bankruptcy court has gone to great lengths to explain to FFS that its single proffered document will not suffice under § 727 to block the debtor's general discharge in bankruptcy.  We echo the bankruptcy court and find that FFS has made no effort to go beyond this single document to prove up its case.  Perhaps

---

[27]R. 13 at 6:16-21; 8:23-24.

[28]Id. at 8:11-14.

[29]Id. at 10:5-21; 17:7-11.

[30]11 U.S.C. 727(a)(2)(A).

[31]R. 14 at pp. 1-2.

this is because FFS is unwilling to do the work necessary, at the time a loan application is made, to investigate the value of the collateral or to even verify its existence before making a loan.[32]  In any event, FFS is free to continue to conduct business in this manner, but should not expect, in the event of bankruptcy filing by any of its loan recipients, to be granted leave to file adversary complaints on the basis of evidence that we can only describe as "sparing."

Given the elements of proof necessary under 11 U.S.C. §727, as well as the factors to be considered by the bankruptcy court under the referenced injunction applicable to FFS, we find no error in the bankruptcy court's denial of its motion for leave to file that particular adversary complaint.   Accordingly, FFS's appeal of the bankruptcy court's ruling will be DENIED and DISMISSED with prejudice.  The court will issue an order in conformity with these findings.


Alexandria, Louisiana
December _13_ , 2010

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE


---

[32]We also note that the collateral descriptions before us contain no brands, serial numbers or other descriptive information that would identify the specific collateral at issue.